# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:98-CR-00298-GCM

| | |
|---|---|
| UNITED STATES,<br><br>Plaintiff,<br><br>v.<br><br>CORON RASHAD MCCAIN,<br><br>Defendant. | <u>**ORDER**</u> |

**THIS MATTER** comes before the Court upon Defendant Coron Rashad McCain's Motion to Suppress Evidence and Statements and Request for Hearing [ECF Doc. 180], which was filed on November 28, 2020. The United States filed its Response [ECF Doc. 183] on December 7, 2020. Defendant McCain did not file a Reply. Having reviewed Defendant McCain's Motion and being fully apprised of the premises, the Court concludes that, for the reasons stated herein, the Motion should be **DENIED**.

## I. DISCUSSION

Defendant McCain was previously sentenced to 300 months imprisonment followed by three years supervised release after he was convicted for conspiring to possess with intent to distribute cocaine, cocaine base, and marijuana, in violation of 21 U.S.C. § 846. He began supervised release on September 10, 2019. On October 8, 2020, the United States Probation Office filed a petition regarding five violations of Defendant McCain's supervised release conditions. Those relevant to this Motion were (i) possessing cocaine with the intent to sell or distribute (Violation 3); (ii) possessing marijuana (Violation 4); and (iii) possessing drug paraphernalia in

the form of a digital scale with a white powdery substance (Violation 5). ECF Doc. 17 at 1–2. Defendant claims that evidence relating to these violations should be suppressed.

First, Defendant argues that the search of his person and his car violated the Fourth Amendment and the exclusionary rule should apply to any evidence obtained from these searches. Second, Defendant argues that certain incriminating statements he made were made when he had not been informed of his *Miranda* rights and should be excluded pursuant to the Fifth Amendment. The Fourth Circuit has concluded the exclusionary rule under the Fourth Amendment does not apply to hearings on revocations of federal supervised release. *United States v. Armstrong*, 187 F.3d 392, 392–95 (4th Cir. 1999) (relying on the United States Supreme Court's decision in *Pa. Bd. of Prob. & Parole v. Scott*); *see also Pa. Bd. of Prob. & Parole v. Scott*, 524 U.S. 357, 363–64 (1998) (noting the United States Supreme Court has "repeatedly declined to extend the exclusionary rule to proceedings other than criminal trials" and refusing to extend the rule to parole revocation proceedings). Similarly, the Fourth Circuit has concluded a district court may, in a supervised release violation proceeding, consider incriminating statements made prior to a defendant receiving *Miranda* warnings because such a proceeding is not a criminal trial. *United States v. Riley*, 920 F.3d 200, 207–08 (4th Cir. 2019). Therefore, the evidence at issue in this Motion need not be suppressed and Defendant McCain's Motion should be **DENIED**.

## II. ORDER

**IT IS HEREBY ORDERED** that Defendant Coron Rashad McCain's Motion to Suppress Evidence and Statements and Request for Hearing [ECF Doc. 180] is **DENIED**.

**SO ORDERED.**   Signed: December 24, 2020

Graham C. Mullen
United States District Judge